Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
matt@RHMFirm.com

*Proposed Attorneys for Debtor*
Alireza Moheb

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re | ) Case No. 4:24-bk-40713-CN |
| | ) |
| ALIREZA MOHEB, | ) Chapter 11 |
| | ) |
| Debtor and Debtor-in-Possession. | ) |
| | ) *Status Conference:* |
| | ) Date: September 13, 2024 |
| | ) Time: 11:00 a.m. |
| | ) Place: Courtroom 215 |
| | ) 1300 Clay Street, 2nd Floor |
| | ) Oakland, CA 94612 |
| | ) *Or via ZoomGov* |
| | ) |
| | ) |

## DEBTOR'S STATUS CONFERENCE STATEMENT

Alireza Moheb, the "Debtor" and "Debtor-in-Possession" ("DIP") in the above-stated Chapter 11 case, hereby submits his second Status Conference Statement, as follows.

///

///

///

///

RHM LAW LLP

## 1. Introduction

The Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. §101 et seq. (the "Bankruptcy Code") on May 14, 2024.

## 2. Background of the Debtor

The Debtor is an unmarried individual. He voluntarily surrendered his dental license, due to disability in mid-2021. He is now engaged in the ownership and operation of a rental property business, and he manages his father's gas stations business.

Although the Debtor is not currently permitted to operate his own dental practice, he is permitted to manage a "dental service organization" (with duly licensed dentists). As such, the Debtor created a new entity postpetition, Unlimited Smiles Dental Service Organization, to operate a dental office from the location where his now defunct entity, Moheb DMD Inc., operated from: 1844 San Miguel Dr., Walnut Creek.

The Debtor owns and operates the following real properties:

| | |
|---|---|
| SFR - Residence<br><br>831 Acalanes Road<br>Lafayette, CA 94596<br><br>APN 251-140-023-2 | FMV $2,465,700<br><br>1) USB/SPS (sole TD) is owed $843,397 (per POC No. 13)<br><br>2) HomeStreet (judgment lien – cross collateralized with Walnut Creek and Oakland properties) $1,393,967 (per POC No. 12)<br><br>3) Property taxes - current |
| Condo - Rental<br><br>155 Sharene Lane #116<br>Walnut Creek, CA 94596<br><br>APN 178-470-100-3<br><br>Tenant pays $2,550 monthly rent; lease ends 1/31/2025; lease is current | FMV $447,000<br><br>1) USB/ PNC (sole TD) is owed $126,088 (per POC No. 4)<br><br>2) HomeStreet (judgment lien – cross collateralized with Lafayette and Oakland properties) $1,393,967 (per POC No. 12)<br><br>3) Property taxes - current |

Case: 24-40713    Doc# 59    Filed: 09/11/24    Entered: 09/11/24 13:46:11    Page 2 of 6

| | |
|---|---|
| | 4) Greenwood Condominium HOA is owed $10,447.29 (arrears) |
| SFR - Rental<br><br>7007 Arthur Street<br>Oakland, CA 94605<br><br>APN 39-3305-12<br><br>Tenant pays $4,850 monthly rent; lease ends 1/31/2025; lease is current | FMV $593,000<br><br>1) Franklin Funding Corp (sole TD) is owed approx. $250,000<br><br>2) HomeStreet (judgment lien – cross collateralized with Walnut Creek and Lafayette properties) $1,393,967 (per POC No. 12)<br><br>3) Property taxes - current |
| Condo - Rental<br><br>7157 E. Rancho Vista Drive # 1004<br>Scottsdale, AZ 85251<br><br>APN 173-33-693<br><br>Vacant; Debtor is in process of employing real estate agent to lease property – tough to find tenants in the summer months | FMV $780,000<br><br>1) Nationstar Mortgage (sole TD) is owed approx. $310,417 (per POC No. 10)<br><br>2) Property taxes - current<br><br>3) Optima Camelview Village Condo HOA is owed $2,261.03 (arrears) |
| SFR - Rental<br><br>362 Richardson Way<br>Mill Valley, CA 94941<br><br>APN 049-161-26<br><br>Property is currently listed for lease at $7,500 | FMV $1,000,000<br><br>Debtor has 50% interest with Moheb Family Trust (his parents' trust).<br><br>Debtor is on title only, not on the loan.<br><br>Chase Bank (sole TD) is owed $440,00 (loan is current). |

This case was filed so that the Debtor can reorganize his financial affairs and maximize the value of his assets for the benefit of the estate, after years of litigation with Homestreet Bank. Homestreet ultimately obtained a judgment at the end of 2022 in the amount of approx. $3,069,563.28 (Homestreet Bank vs. Alireza Moheb, Moheb DMD, Inc., Media DDS LLC; Case No. RG20066154).

///

### 3. Other Progress Since the Case was Filed

The Debtor's *Application to Employ RHM LAW LLP as General Bankruptcy Counsel* [Docket No. 27] was approved on July 16, 2024 [Docket No. 49] authorizing the employment of the firm as of the petition date.

The *Motion for Relief from the Automatic Stay filed* by Union Street Holdings, LLC ("Union Street"), predecessor in interest to HomeStreet Bank, related to real property located at 1716 Broadway, Oakland, California 94612, was granted on July 15, 2024 [Docket No. 44]. The Debtor's now defunct entity Media DDS, LLC ("Media DDS") previously held title to the property, which was encumbered by multiple deeds of trust held by HomeStreet. HomeStreet later initiated a nonjudicial foreclosure of the property under its junior deed of trust and assigned its beneficial interest in that deed of trust to Union Street prior to the trustee's sale. The trustee's sale of the property took place on November 29, 2023, whereby Union Street acquired the property with a credit bid. Union Street then commenced an unlawful detainer action to remove Media DDS and any other occupants from the property and obtained an order for possession against all occupants.

As stated above, prepetition, Homestreet Bank sued the Debtor and his now defunct entities[1] on claims for breach of contract, among others. The bank moved for summary judgment, which was granted. The Debtor and his entities appealed to the California Court of Appeals, First Appellate District, Case No. A167249. The appeal was thereafter dismissed for failing to file the opening brief, resulting from a calendaring error on the part of his counsel. Counsel sought to reinstate the appeal, but the court recently denied the request due to the automatic stay. Counsel will now seek to refile the motion to reinstate the appeal and address the automatic stay issues raised by the court in the prior denial.

---

[1] Prepetition, the Debtor caused his three solely owned entities (Media DDS, LLC, Moheb DMD Inc. and Doctor Realty LLC) to assign their debts to him personally, and transferred/purchased their assets (see Schedule A/B at Docket No. 31). The Debtor had personally guaranteed the bulk of the debts of these entities at the time the debts were incurred.

The Debtor and Franklin Funding Corp., the trust deed holder on the Oakland property, entered into a *Stipulation for Adequate Protection and Use of Cash Collateral* [Docket No. 45] that was approved by the Court on August 20, 2024 [Docket No. 57]. The Debtor is current on all payments.

The *Motion for Order Directing Production of Documents and Examination of Alireza Moheb Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Docket No. 50] filed by the United States of America, on behalf of the U.S. Small Business Administration ("SBA"), was granted on July 25, 2024 [Docket No. 53]. The Debtor's examination is scheduled for September 26, 2024.

The Debtor and the SBA entered into a *Stipulation to Extend Time for U.S. Small Business Administration to File § 727 and/or § 523 Complaint Objecting to Discharge and/or § 707(B) Motion to Dismiss,* which was approved on July 26, 2024 [Docket No. 54].

The Debtor has been working with a bookkeeper who is assisting him with getting current on all tax filings – the 2020, 2021, 2022 and 2023 should be filed shortly.

**4. <u>Compliance with Applicable Guidelines Established by the U.S. Trustee</u>**

The Debtor believes that he is in substantial compliance with his obligations as a DIP at this time; the July *Monthly Operating Report* was filed on August 30, 2024 [Docket No. 58].

**5. <u>Chapter 11 Plan of Reorganization</u>**

The Debtor will propose a plan of reorganization that will likely: treat the claims of the lienholders on all real properties as unimpaired (some lienholders asserts small arrears in their POC but the Debtor believes that he is current; this is being investigated); cure the arrears owed to both HOAs; pay Homestreet the value of its secured claim in full, with reasonable interest over a reasonable amount of time; pay all priority debts in full within

60-months of the petition date; and pay the unsecured class as much as he can afford for five years.

The Debtor suggests a deadline of November 1, 2024 to file his disclosure statement and plan.

Dated: September 11, 2024                    **RHM LAW LLP**

                                             **By:     /s/   Roksana D. Moradi-Brovia**
                                                    **Roksana D. Moradi-Brovia**
                                                    **Matthew D. Resnik**
                                                    *Attorneys for Debtor*
                                                    Alireza Moheb