# EXHIBIT A

[HomeStreet] Bank

**HomeStreet Bank**
Credit Administration
601 Union Street, Ste. 2100
Seattle, WA 98101
Mark Johnson
mark.johnson@homestreet.com

**SENT VIA FIRST CLASS U.S. MAIL, RETURN RECEIPT REQUESTED**

November 4, 2019

Doctor Realty, LLC
c/o Alireza Moheb
1844 San Miguel Drive, Suite 208
Walnut Creek, CA 94596
(Borrower)

Alireza Moheb
831 Acalanes
Lafayette, CA 94549
(Individual Guarantor)

Moheb, DMD, Inc.
c/o Alireza Moheb
1844 San Miguel Drive, Suite 208
Walnut Creek, CA 94596
(Corporate Guarantor)

## NOTICE OF DEFAULT AND RESERVATION OF RIGHTS

Re: Loan Nos. 3020100045 and 3020100053 (the "**Loan**").

Dear Dr. Moheb,

We are writing to you in your respective capacities as principal of Doctor Realty, LLC ("**Borrower**"), as principal of Moheb, DMD, Inc. ("**Corporate Guarantor**"), and as Individual Guarantor of Borrower's obligations to HomeStreet Bank ("**Lender**") successor in interest to Silvergate Bank with respect to the Loan. The purpose of this letter is to provide formal written notice of certain defaults under the Loans, and to reserve the rights of Lender. All documents and instruments pertaining to the Loans, including all amendments, modifications, extensions, renewals and restatements, are collectively referred to herein as the "**Loan Documents**."

**IDENTIFICATION OF LOAN DEFAULTS**:

As of the date of this letter, Borrower and Guarantor are in default under the Loan Documents based upon the following:

(1) The Loan Documents require Borrower to provide Lender with the following:

- For Borrower, within thirty (30) days after each quarter ending, a company prepared financial statement. Borrower is currently past due for the 3/31/18, 6/30/18, 9/30/18, 3/31/19, 6/30/19, and 9/30/19 quarterly financial statements.
- For Borrower, within 90 days after fiscal yearend, a CPA Compiled financial statement. Borrower is currently past due for the 12/31/18 CPA Compiled financial statement.
- For Borrower, within 15 days after filing, a business tax return. Borrower is past-due for its 2017 tax return.
- For Guarantors, see NOD addressed to Corporate Guarantor included herewith.

(2) The Loan Documents require Borrower to provide to Lender a Compliance Certificate, each quarter, certifying that as of the date of the Certificate, no Events of Default exists under the loan agreement(s). Borrower has failed to provide such certificates.

Borrower and Guarantor failed to timely submit the materials identified above and failed to maintain the minimum required Ratios. This constitutes multiple defaults under the Loan Documents. This letter is Lender's demand that you cure the above-referenced defaults. If the Loan Documents provide for a cure period, you must cure the defaults prior to the expiration of any applicable cure period. If you fail to timely cure the defaults, Lender may pursue its contractual and legal remedies.



FDIC EQUAL HOUSING LENDER

Case: 24-40713 Doc# 142-1 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 2 of 19

**RESERVATION OF RIGHTS**

Nothing contained in this letter shall be deemed to: (1) prejudice Lender's rights and remedies against any borrower or any guarantor with respect to the Loan; (2) constitute a waiver of or an election of remedies pertaining to any breaches or defaults under the Loan Documents, including the event(s) of default identified above; (3) constitute a waiver of or an election of remedies pertaining to any of Lender's rights and remedies against any borrower or any guarantor with respect to the Loan; or (4) constitute an agreement on the part of Lender to extend the time for payment or performance under such documents, or to forbear from exercising any of its rights under such documents, or to forbear from taking any other action permitted by law or otherwise, all of which Lender hereby expressly reserves. Lender's acceptance of partial or future payments other than payment in full is without wavier.

**We may report information about your account to credit bureaus. Any insolvency, delinquency, late payment, or default on your account may be included in your credit report.**

CALIFORNIA TRANSACTIONS: A CONTRACT, PROMISE, UNDERTAKING OR COMMITMENT TO LOAN MONEY, TO GRANT, OR EXTEND CREDIT, IN AN AMOUNT GREATER THAN $100,000.00, NOT PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES MADE BY A PERSON ENGAGED IN THE BUSINESS OF LENDING OR ARRANGING FOR THE LENDING OF MONEY OR EXTENDING CREDIT IS INVALID, UNLESS IT, OR SOME NOTE OR MEMORANDUM THEREOF, IS IN WRITING AND SUBSCRIBED BY THE PARTY TO BE CHARGED OR BY THE PARTY'S AGENT. IF THE LOAN IS SECURED SOLELY BY RESIDENTIAL PROPERTY CONSISTING OF ONE TO FOUR DWELLING UNITS IT SHALL BE DEEMED FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES.

If you have any questions regarding this matter, or if you would like to discuss your current status or Loan, please contact me at your earliest convenience at 206-753-2078.

Sincerely,

Mark Johnson, VP
Credit Administration

[HomeStreet] Bank

**HomeStreet Bank**
Credit Administration
601 Union Street, Ste. 2100
Seattle, WA 98101
Mark Johnson
mark.johnson@homestreet.com

**SENT VIA FIRST CLASS U.S. MAIL, RETURN RECEIPT REQUESTED**

November 4, 2019

Media DDS, LLC
c/o Alireza Moheb
1844 San Miguel Drive, Suite 208
Walnut Creek, CA 94596
(Borrower)

Alireza Moheb
831 Acalanes
Lafayette, CA 94549
(Individual Guarantor)

Moheb, DMD, Inc.
c/o Alireza Moheb
1844 San Miguel Drive, Suite 208
Walnut Creek, CA 94596
(Corporate Guarantor)

## NOTICE OF DEFAULT AND RESERVATION OF RIGHTS

Re: Loan Nos. 3000005795, 3000005910 and 3020100037 (the "**Loan**").

Dear Dr. Moheb,

We are writing to you in your respective capacities as principal of Media DDS, LLC ("**Borrower**"), as principal of Moheb, DMD, Inc. ("**Corporate Guarantor**"), and as Individual Guarantor of Borrower's obligations to HomeStreet Bank ("**Lender**") successor in interest to Silvergate Bank with respect to the Loan. The purpose of this letter is to provide formal written notice of certain defaults under the Loans, and to reserve the rights of Lender. All documents and instruments pertaining to the Loans, including all amendments, modifications, extensions, renewals and restatements, are collectively referred to herein as the "**Loan Documents**."

**<u>IDENTIFICATION OF LOAN DEFAULTS</u>**:

As of the date of this letter, Borrower and Guarantor are in default under the Loan Documents based upon the following:

(1) The Loan Documents require Borrower to provide Lender with the following:

- For Borrower, within thirty (30) days after each quarter ending, a company prepared financial statement. Borrower is currently past due for the 3/31/18, 6/30/18, 9/30/18, 3/31/19, 6/30/19, and 9/30/19 quarterly financial statements.
- For Borrower, within 90 days after fiscal yearend, a CPA Compiled financial statement. Borrower is currently past due for the 12/31/18 CPA Compiled financial statement.
- For Borrower, within 10 days after filing, a business tax return. Borrower is past-due for its tax returns for each year since loan inception. (It is noted that Individual Guarantor discloses Borrower's profit and losses in Schedule E of his personal tax returns.)
- For Guarantors, see NOD addressed to Corporate Guarantor included herewith.

(2) The Loan Documents require Borrower to maintain two Debt Service Coverage Ratios ("Ratio") as indicated below:

   a. The Ratio for loan nos. ending 0037 and 5910 is to be not less than 1.50 to 1.00 measured quarterly. It is unknown for FYE 12/31/18 and for the three quarters to date due to lack of financial reporting.
   b. Loan ending 5795 is to have a Ratio of not less than 1.25, measured annually, for the property located at 1716 Broadway, Oakland, CA. As of 12/31/18, this Ratio was .29.



FDIC EQUAL HOUSING LENDER

(3) The Loan Documents require Borrower to provide to Lender a Compliance Certificate, for each covenant period, certifying that as of the date of the Certificate, no Events of Default exists under the loan agreement(s). Borrower has failed to provide such certificates.

Borrower and Guarantor failed to timely submit the materials identified above and failed to maintain the minimum required Ratios. This constitutes multiple defaults under the Loan Documents. This letter is Lender's demand that you cure the above-referenced defaults. If the Loan Documents provide for a cure period, you must cure the defaults prior to the expiration of any applicable cure period. If you fail to timely cure the defaults, Lender may pursue its contractual and legal remedies.

**RESERVATION OF RIGHTS**

Nothing contained in this letter shall be deemed to: (1) prejudice Lender's rights and remedies against any borrower or any guarantor with respect to the Loan; (2) constitute a waiver of or an election of remedies pertaining to any breaches or defaults under the Loan Documents, including the event(s) of default identified above; (3) constitute a waiver of or an election of remedies pertaining to any of Lender's rights and remedies against any borrower or any guarantor with respect to the Loan; or (4) constitute an agreement on the part of Lender to extend the time for payment or performance under such documents, or to forbear from exercising any of its rights under such documents, or to forbear from taking any other action permitted by law or otherwise, all of which Lender hereby expressly reserves. Lender's acceptance of partial or future payments other than payment in full is without wavier.

**We may report information about your account to credit bureaus. Any insolvency, delinquency, late payment, or default on your account may be included in your credit report.**

CALIFORNIA TRANSACTIONS: A CONTRACT, PROMISE, UNDERTAKING OR COMMITMENT TO LOAN MONEY, TO GRANT, OR EXTEND CREDIT, IN AN AMOUNT GREATER THAN $100,000.00, NOT PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES MADE BY A PERSON ENGAGED IN THE BUSINESS OF LENDING OR ARRANGING FOR THE LENDING OF MONEY OR EXTENDING CREDIT IS INVALID, UNLESS IT, OR SOME NOTE OR MEMORANDUM THEREOF, IS IN WRITING AND SUBSCRIBED BY THE PARTY TO BE CHARGED OR BY THE PARTY'S AGENT. IF THE LOAN IS SECURED SOLELY BY RESIDENTIAL PROPERTY CONSISTING OF ONE TO FOUR DWELLING UNITS IT SHALL BE DEEMED FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES.

If you have any questions regarding this matter, or if you would like to discuss your current status or Loan, please contact me at your earliest convenience at 206-753-2078.

Sincerely,

Mark Johnson, VP
Credit Administration

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

Hayward Hall of Justice, Department 514

JUDICIAL OFFICER: HONORABLE NOËL WISE

Courtroom Clerk: Stefanie Gould CSR: Tammy Moon CSR# 13184

**RG20066154** October 7, 2022
2:00 PM

**Homestreet Bank VS Moheb, DMD, Inc**

**MINUTES**

**APPEARANCES:**

Plaintiff Homestreet Bank represented by Michael R. Farrell via virtual conference.
Defendant Moheb, DMD, Inc represented by Richard Lawrence Antognini via virtual conference.
Defendant Media DDS, LLC appearing via virtual conference represented by Richard Lawrence Antognini via virtual conference represented by Richard Antognini.
Defendant Alireza Moheb represented by Richard Lawrence Antognini via virtual conference represented by Richard Antognini.

**NATURE OF PROCEEDINGS: Hearing on Motion for Summary Judgment**

Matter was contested and hearing held via Zoom video conference, the Court rules as follows:

The Motion for Summary Judgment filed by Homestreet Bank on 07/27/2022 is Granted.

Plaintiff's unopposed Motion for Summary Judgment is GRANTED.

The undisputed facts (Defendants having failed to file any opposition to this motion) establish that as of October 5, 2022, Defendant Moheb DMD Inc. owes Plaintiff $1,163,945.99 in unpaid principal and interest on Loan #6105, and Plaintiff has incurred attorneys' fees of $89,365 to enforce its rights under that loan. (See Plaintiff's Separate Statements Facts ("SSF") Nos. 1-36 and the evidence cited in support.)

The undisputed facts further establish that Defendant Alireza Moheb guaranteed the obligations of Moheb DMD Inc. on Loan #6105 but has failed to pay any of that amount owing. (See SSF Nos. 37-49 and the evidence cited in support.)

The undisputed facts further establish that as October 5, 2022, Moheb DMD Inc. owes Plaintiff $1,726,887.29 in unpaid principal and interest on Loan #1346, and Plaintiff has incurred attorneys' fees of $89,365 to enforce its rights under that loan. (See SSF Nos. 50-87 and the evidence cited in support.)

The undisputed facts further establish that Alireza Moheb guaranteed the obligations of Moheb DMD Inc. on Loan #1346 but has failed to pay any of that amount owing. (See SSF Nos. 88-102

and the evidence cited in support.)

Finally, the undisputed facts establish that Defendant Media DDS LLC was party to an Omnibus Agreement in which it agreed to deliver to Plaintiff a deed of trust on real property located at 1716 Broadway Street, Oakland but has failed to do so. (See SSF Nos. 103-113 and the evidence cited in support.)

The Court construes Defendants' failure to oppose this motion as conceding the validity of the arguments and evidence presented therein.

Plaintiff is directed to submit a proposed judgment, approved as to form, for the Court's signature.

By: S. Gould, Deputy Clerk

Minutes of: 10/07/2022
Entered on: 10/07/2022



Case: 24-40713 Doc# 142-1 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 8 of 19

# EXHIBIT C

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
MICHAEL R. FARRELL (BAR NO. 173831)
SHAUNA E. WOODS (BAR NO. 300339)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
mfarrell@allenmatkins.com
swoods@allenmatkins.com

Attorneys for Plaintiff
HOMESTREET BANK

**FILED**
Superior Court of California
County of Alameda
12/20/2022
Chad Finke, Executive Officer / Clerk of the Court
By: [signature] Deputy
C. Trinidad

Electronically Received 12/05/2022 05:40 PM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| HOMESTREET BANK, a Washington chartered commercial bank,<br><br>Plaintiff,<br><br>vs.<br><br>MOHEB, DMD, INC., a California corporation; MEDIA DDS, LLC, a California limited liability company; ALIREZA MOHEB, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. RG20066154<br><br>ASSIGNED FOR ALL PURPOSES TO Judge Noël Wise<br><br>**~~[PROPOSED]~~ JUDGMENT**<br><br>Complaint Filed: June 24, 2020<br>Trial Date: TBD |

# ~~[PROPOSED]~~ JUDGMENT

Plaintiff HomeStreet Bank's ("Plaintiff") Motion for Summary Judgment, or in the Alternative, for Summary Adjudication (the "Motion"), came on for hearing on October 7, 2022, before this Court, in Department 514 of the above-captioned Court, located at 24405 Amador Street, Hayward, CA 94544. Michael R. Farrell appeared on behalf of Plaintiff, and Richard Antognini appeared on behalf of Defendants, both via Zoom.

After full consideration of the submitted evidence, the separate statement submitted by Plaintiff HomeStreet Bank, the authorities and written argument submitted by Plaintiff, as well as oral argument, the Court found that Plaintiff has established that it is entitled to summary judgment in its favor as to its Complaint as there is no genuine dispute of material fact as to the five causes of action contained therein.

As to Plaintiff's First Cause of Action, the undisputed facts establish that as of October 5, 2022, Defendant Moheb DMD Inc. owes Plaintiff $1,163,945.99 in unpaid principal and interest on Loan #6105, and Plaintiff has incurred attorneys' fees of $89,365 to enforce its rights under that loan. (See Plaintiff's Separate Statements Facts ("SSF") Nos. 1-36 and the evidence cited in support.)

As to Plaintiff's Second Cause of Action, the undisputed facts further establish that Defendant Alireza Moheb guaranteed the obligations of Moheb DMD Inc. on Loan #6105 but has failed to pay any of that amount owing. (See SSF Nos. 37-49 and the evidence cited in support.) The undisputed facts further establish that as October 5, 2022, Moheb DMD Inc. owes Plaintiff $1,726,887.29 in unpaid principal and interest on Loan #1346, and Plaintiff has incurred attorneys' fees of $89,365 to enforce its rights under that loan. (See SSF Nos. 50-87 and the evidence cited in support.)

As to Plaintiff's Third Cause of Action, the undisputed facts further establish that as of October 5, 2022, Defendant Moheb DMD Inc. owes Plaintiff $1,726,887.29 in unpaid principal and interest on Loan #6105, and Plaintiff has incurred attorneys' fees of $89,365 to enforce its rights under that loan. (See SSF Nos. 50-87 and the evidence cited in support.)

As to Plaintiff's Fourth Cause of Action, the undisputed facts further establish that Alireza Moheb guaranteed the obligations of Moheb DMD Inc. on Loan #1346 but has failed to pay any of that amount owing. (See SSF Nos. 88-102 and the evidence cited in support.)

Finally, as to Plaintiff's Fifth Cause of Action, the undisputed facts establish that Defendant Media DDS LLC was party to an Omnibus Agreement in which it agreed to deliver to Plaintiff a deed of trust on real property located at 1716 Broadway Street, Oakland in the amount of $2,005,881.00 but failed to do so. (See SSF Nos. 103-113 and the evidence cited in support.)

The Court thus granted the Motion for Summary Judgment in its entirety.

**IT IS THEREFORE HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Plaintiff HomeStreet Bank shall have and recover from Defendant Moheb DMD, Inc. the amount of $1,726,887.29 in unpaid principal and interest on Loan #1346, and attorneys' fees of $89,365, for a total of $1,816,252.29;

2. Plaintiff HomeStreet Bank shall have and recover from Defendant Moheb DMD, Inc. the amount of $1,163,945.99 in unpaid principal and interest on Loan #6105, and attorneys' fees of $89,365, for a total of $1,253,310.99;

3. Plaintiff HomeStreet Bank shall have and recover from Defendant Alireza Moheb the amount of $3,069,563.28 (representing the amounts owed in connection with Loans #1346 and #6105), with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this judgment until paid; and

4. Plaintiff HomeStreet Bank is entitled to specific performance of Defendant Media DDS, LLC's agreement to provide a deed of trust in the amount of $2,005,881.00.

**IT IS SO ORDERED.**

Dated: 12/20/2022

Hon. Noël Wise
Judge of the Superior Court of the State of California **Noël Wise / Judge**

## ~~PROOF OF SERVICE~~

HomeStreet Bank v. Moheb, DMD, Inc., et al.
Alameda County Superior Court, Case No. RG20066154

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 865 South Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

On December 5, 2022, I served the within document(s) described as:

**[PROPOSED] JUDGMENT**

on the interested parties in this action as stated below:

| | |
|---|---|
| Richard L. Antognini, Esq.<br>LAW OFFICE OF RICHARD L. ANTOGNINI<br>2485 Notre Dame Blvd.,<br>Suite 370 #45<br>Chico, California 95928-7167<br>Phone: (916) 295-4896<br>Email: rlalawyer@yahoo.com | Attorneys for Defendants<br>MOHEB, DMD, INC; MEDIA DDS, LLC; and ALIREZA MOHEB<br><br>**Served via Mail and Email** |

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Los Angeles, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on and in accordance with a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused a true copy of the document to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date. My electronic notification address is mmota@allenmatkins.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 5, 2022, at Los Angeles, California.

| | |
|---|---|
| Martha Mota | [signature] |
| (Type or print name) | (Signature of Declarant) |

# EXHIBIT D

Richard L. Antognini, SBN 075711
LAW OFFICE OF RICHARD L. ANTOGNINI
2485 Notre Dame Boulevard, Suite 370-45
Chico, California 95928-71767
Telephone: (916) 295-4896
Email: rlalawyer@yahoo.com

Attorneys for Defendants
ALIREZA MOHEB, INDIVIDUALLY,
MEDIA DDS, LLC, and
MOHEB, DMD, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**06/20/2023 at 10:41:20 PM**
By: Tanisha Wordlow,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

HOMESTREET BANK,

Plaintiffs,

vs.

MOHEB, DMD, INC., MEDIA DDS, LLC, ALIREZA MOHEB, et al.,

Defendants.

Case No.: RG20066154

ASSIGNED FOR ALL PURPOSES TO Judge Noel Wise

**DECLARATION OF RICHARD L. ANTOGNINI IN SUPPORT OF MOTION TO VACATE JUDGMENT UNDER CCP SECTION 473 (b)**

**Date:** October 19, 2023
**Time:** 3:00 p.m.
**Dept.:** 514

**Reservation No.: 207309941497**

I, RICHARD L. ANTOGNINI, declare:

1. I am an attorney admitted to practice before all the courts of the State of California. I am counsel for all defendants. I submit this declaration supporting

defendants' motion to vacate the December 20, 2022 judgment. I personally know the facts I about to state and can competently testify to those facts.

2. I am submitting this declaration under the attorney-fault provision of Code of Civil Procedure section 473(b). I intend to rely on that statute to show I alone am responsible for failing to submit opposition to plaintiff's motion for summary judgment.

3. Plaintiff moved for summary judgment on July 22, 2002. The hearing was set for October 7, 2022. Under CCP section 437c, I had to file opposition two weeks before, or by September 23, 2022.

4. I did not file opposition on time. I only filed a request for a continuance on October 7, 2022, at 1:00 a.m.

5. The main reason I could not file opposition on time is personal. I have suffered from chronic depression for many years. Sometimes it hinders me from working; sometimes, it does not.

6. May through September, 2022 were particularly stressful months for me. I had many briefing deadlines. But I also way buying a home in Paradise. That process proved far more complicated than I thought possible. I had to struggle to obtain financing and move our household. Finally, we moved on June 30. I thought the stress had passed, but I was wrong. I went into an immediate and deep depression, far worse than I had had for decades. For nearly three months, I could not work. I cannot say if I suffered a breakdown, but I have never felt worse. I almost checked myself into a hospital to prevent me from harming myself. My depression did



Case: 24-40713 Doc# 142-1 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 16 of 19

not lift until early October, shortly before the hearing on the summary judgment motion.

7. Long-COVID added to my illness. I had serious COVID in late January 2021, and the effects have lingered ever since. Sometimes they get worse, and I am exhausted and muddled. I find it nearly impossible to work. Stress also brings on the long-COVID, and it arrived in early July.

8. Between my severe depression and long-COVID, I could not work from July 1 to early October, 2022. As a result, I could not finish the opposition to the summary judgment motion.

9. I have taken several medications to treat depression and anxiety for several years. Those medications usually worked well together. Beginning in July 2022, however, I had severe reactions to the combination of medications, which caused symptoms from extreme sleep loss to severe depression. In late October 2022, medical professionals corrected the problems, and I improved. But because I experienced severe symptoms, I could not work, let alone on opposition to the Homestreet motion for summary judgment.

10. My clients should not be victimized by my illnesses and should be allowed to oppose the Homestreet motion. They have several good arguments against the motion. For example, Homestreet Bank seeks a deed of trust on certain Oakland commercial property. It has, however, an adequate remedy at law, damages, followed by a judgment lien. In addition, the loan modification on which Homestreet relies was


Case: 24-40713 Doc# 142-1 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 17 of 19

secured by fraud or extortion. My clients should be allowed to file full opposition to the motion for summary judgment.

I declare under penalty of perjury that the preceding is true and correct. Executed on June 20, 2023, at Paradise, California.



Richard L. Antognini



Case: 24-40713 Doc# 142-1 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 18 of 19

# Make a Reservation

Homestreet Bank VS Moheb, DMD, Inc

Case Number: RG20066154 Case Type: Unlimited Civil Category: Other Breach of Contract/Warranty (not fraud or negligence)
Date Filed: 2020-06-24 Location: Hayward Hall of Justice - Department 514

## Reservation

| | |
|---|---|
| Case Name:<br>Homestreet Bank VS Moheb, DMD, Inc | Case Number:<br>RG20066154 |
| Type:<br>Motion to Set Aside/Vacate Judgment | Status:<br>RESERVED |
| Filing Party:<br>Moheb, DMD, Inc (Respondent) | Location:<br>Hayward Hall of Justice - Department 514 |
| Date/Time:<br>10/19/2023 3:00 PM | Number of Motions:<br>1 |
| Reservation ID:<br>207309941497 | Confirmation Code:<br>CR-M2MMEHNDEAPMW7EMC |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Set Aside/Vacate Judgment | 0.00 | 1 | 0.00 |
| Court Technology Fee | 1.00 | 1 | 1.00 |
| TOTAL | | | **$1.00** |

## Payment

| | |
|---|---|
| Amount:<br>$1.00 | Type:<br>Visa |
| Account Number:<br>XXXX7841 | Authorization:<br>010001 |
| Payment Date:<br>1969-12-31 | |

Print Receipt  Reserve Another Hearing  View My Reservations

Terms of Service

Contact Us
About this Site

Copyright © Journal Technologies, USA. All rights reserved.