SULLIVAN PRATT LLP
Christopher D. Sullivan (SBN 148083)
csullivan@sullivanblackburn.com
Roxanne Bahadurji (SBN 290117)
rbahadurji@sullivanblackburn.com
601 Montgomery Street, Suite 525
San Francisco, California 94111
Tel: 415.691.4518 | Fax: 415.966.2955

*Attorneys for Debtor-in-Possession*
ALIREZA MOHEB

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>ALIREZA MOHEB,<br><br>Debtor and Debtor-in-Possession | Case No. 24-bk-40713-CN<br><br>Chapter 11<br><br>DECLARATION OF DAVID A. BOVINO IN SUPPORT OF APPLICATION TO EMPLOY BOVINO & ASSOCIATES. PC AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR |

I, David A. Bovino, Esq., declare as follows:

1. I am a lawyer licensed to practice in the State Courts of California and Colorado.

2. I am the founding partner of Bovino & Associates, P.C. ("Bovino Law"), a boutique litigation firm based in Aspen, Colorado, specializing in high stakes commercial and fiduciary disputes. We regularly litigate cases in California. We specialize in high-stakes commercial and fiduciary disputes and regularly represent debtors and fiduciaries in complex financial distress and asset recovery contexts.

3. I make this declaration in support of the Application to Employ Bovino & Associates, P.C. as Special Litigation Counsel for the Debtor ("Application"). The facts set forth in this

declaration are personally known to me based on personal knowledge, unless otherwise notes, and if called as a witness I would and could competently testify thereto. To the extent that any information disclosed herein requires modification or amendment, I will supplement this declaration.

4. The Debtor seeks to employ Bovino Law to represent him as special litigation counsel under 11 U.S.C. § 327(a).

5. My firm has been consulted post-petition as special litigation counsel pursuant to a classic true retainer structured to preserve strategic availability and litigation leadership.

6. Our representation is fundamentally necessary because litigation-derived recoveries represent critical paths toward achieving a confirmable Chapter 11 plan. Specifically, we have identified two primary areas warranting prompt and assertive litigation:

a. Claims Against HomeStreet Bank: Evidence indicates that HomeStreet Bank exercised foreclosure rights based on an alleged technical default tied to a disputed junior deed provision. **See Exhibit A**, November 2019 Notices of Default, attached hereto. Significantly, this foreclosure followed the Debtor's application for federal PPP funds amidst the pandemic, adversely affecting the Debtor's financial restructuring efforts. The Debtor possesses a good-faith basis to overturn the underlying Homestreet judgment by filing, with permission of this Court, a Motion to Open the Judgment and allow Debtor's claims to be heard on the merits.

b. Claims Against Prior Counsel: The record evidences critical failures by Debtor's former litigation attorney, Richard Antognini, who negligently failed to oppose a summary judgment motion leading to the underlying judgement [**See Exhibit B** attached hereto– Minute Hearing on Motion for Summary Judgment; **Exhibit C** attached hereto– Judgment; **Exhibit D** attached hereto- Richard Antognini Declaration in Support of Motion to Vacate Judgment] who was subsequently



Case: 24-40713 Doc# 142-2 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 2 of 5

disbarred[1]. The failure to oppose dispositive motions, abandoning appellate opportunities, and undervaluing estate causes of action all materially compromised the estate. We have identified credible claims for legal malpractice and our retainer includes development of these claims.

7. Our proposed engagement will address these duties, which we estimate could yield economic benefits for the Debtor and his estate, materially benefiting the creditors. Given the complexity of the current case – including the pending SBA adversary proceeding and a diverse creditor matrix – targeted litigation counsel services are essential.

8. The primary counsel at Bovino Law handling this matter will be me. Post-petition, I was approached by the Debtor because his relationship with former bankruptcy counsel had irretrievably broken down. At the time, the Debtor's bankruptcy counsel had advised that dismissal was imminent, and Bovino Law's retention was directed toward evaluating strategic exits and legal triage. The firm's flexibility to either proceed in bankruptcy or pivot to state or federal court litigation was a core component of the retainer arrangement.

9. Bovino Law received $200,000 pursuant to an earned-on receipt agreement executed post-petition, structured to reserve Bovino Law's strategic availability, litigation resources, and high-level litigation oversight at a moment of acute procedural disarray in the case.

10. Bovino Law's engagement was formalized under a post-petition 'earned-on-receipt' true retainer agreement, consistent with governing case law. The retainer secures the firm's availability and litigation readiness considering the complex posture of this case. No pre-petition services were performed by Bovino law. No estate funds were used in the funding of the retainer. Both installments of the retainer have been received from a third-party non-creditor (Ahmad Moheb, the Debtor's father) and are disclosed here to maintain complete transparency. Ahmad Moheb has provided the retainer in exchange for no consideration or obligation. Bovino Law has received neither demands nor obligations from the Debtor's father in exchange for the receipt of the retainer.

---

[1] Prior Counsel was disbarred and was reinstated with a suspension on January 6, 2025. See California Supreme Court Minutes from January 6, 2025 – Docket No.: S286413



Case: 24-40713 Doc# 142-2 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 3 of 5

Bovino Law, the Debtor, and his father fully understand that Bovino Law is not counsel for Ahmad Moheb. Both Bovino Law and the Debtor's father fully understand that Bovino Law does not represent Ahmad Moheb and that Bovino Law is not guided by his interests.

11. I reviewed the list of creditors and parties of interest in this case. I have also made reasonable inquiries of the lawyers at Bovino Law to determine the nature of the connections described herein. Neither I, Bovino Law, nor any member thereof, in so far as I have been able to ascertain, represent or hold an interest adverse to the Debtor or the estate. Other than as stated above of receiving a post-petition retainer from the Debtor's father, to the best of my knowledge, neither I nor any other attorneys or employees of Bovino Law have any business or social connections with the Debtor, its creditors, its equity security holders, or with any parties in interest, their respective attorneys or accountants, or with the Office of the United States Trustee or any persons employed in the office of the United States Trustee. After diligent inquiry, I believe that Bovino Law is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code and is authorized to be employed under Section 327(a). Neither Bovino Law or any of its attorneys holds or represents any entity having an interest adverse to the estate or any class of creditors or equity security holders. Neither Bovino Law or any of its attorneys is a creditor, equity security holder or an insider of the Debtor. Neither Bovino Law or any of its attorneys is or has been a director, officer or employee of the Debtor at any time.

12. Bovino Law has not shared and will not agree to share any compensation paid or payable with any other entity.

13. No additional funds are being requested from the estate or any party at this time.

14. Bovino Law's current retainer Bovino Law's current retainer covers its past work in developing a very complicated and document review intensive timeline and analysis of potential avenues of relief with regard to Homestreet and former counsel. Bovino Law's current retainer also includes drafting a motion to open based on attorney abandonment and likely success on the merits. Should future litigation demands exceed the current scope of the retainer, Bovino Law will, subject to Court approval, seek supplemental third-party funding or seek further expansion of this Application. Should future conditions warrant, and subject to proper Court approval, Bovino Law



Case: 24-40713 Doc# 142-2 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 4 of 5

remains open to discussing a contingency or hybrid structure to enhance leverage and conserve estate liquidity. No such shift is presently sought.

15. Bovino Law's standard hourly rates are disclosed for reference only. However, all matters presently contemplated are covered under the retainer agreement and no estate compensation is sought. My rate is $600; Of Counsel Julie Blake's rate is $550 and our paralegal rate is $200.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 4th day of August 2025, in Aspen, Colorado.

*/s/ David Bovino*

David Bovino

Bovino & Associates, P.C.
625 E Main Street, Suite 102 B311
Aspen, Colorado 81611
Tel: 970.737.2247
Email: david@bovinolaw.com



Case: 24-40713 Doc# 142-2 Filed: 08/15/25 Entered: 08/15/25 14:47:42 Page 5 of 5