SULLIVAN PRATT LLP
Christopher D. Sullivan (SBN 148083)
csullivan@sullivanblackburn.com
Roxanne Bahadurji (SBN 290117)
rbahadurji@sullivanblackburn.com
601 Montgomery Street, Suite 525
San Francisco, California 94111
Tel: 415.691.4518 | Fax: 415.966.2955

*Attorneys for Debtor-in-Possession*
ALIREZA MOHEB

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

In re

ALIREZA MOHEB,

    Debtor and Debtor-in-Possession.

Case No. 24-bk-40713-CN

Chapter 11

**DEBTOR-IN-POSESSION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Date: November 12, 2025
Time: 10:00 a.m.
Place: Courtroom 215
      1300 Clay Street
      Oakland, CA 94612

Debtor-in-Possession Alireza Moheb ("Debtor") respectfully moves this Court pursuant to 11 U.S.C. § 362(d)(1) for relief from the automatic stay to permit the Debtor to move the Superior Court of California County of Alameda in the case *HomeStreet Bank v. Moheb DMD, Inc, Media DDS, LLC, Alireza Moheb*, Case No. RG20066154 ("Alameda Action") for an order setting aside and vacating the judgment entered in that action on December 22, 2022 in favor of HomeStreet Bank in the amount of $3,069,563.28 ("Judgment").

Section 362(a) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of the "(1) commencement or continuation, including the issuance or

employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case…" 11 U.S.C. § 362(a)(1). "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a)…by terminating, annulling, modifying, or conditioning such stay…" § 362(d). By this Motion, the Debtor seeks this Court's determination that cause exists for relief from the automatic stay under § 362(d)(1) of the Bankruptcy Code.

Debtor seeks relief from the automatic stay from this Court to move the court in the Alameda Action to vacate the Judgement. The Judgment at issue was the result of admitted positive misconduct constituting attorney abandonment on the part of the Debtor's former state court attorney without knowledge or fault of the Debtor. Debtor's prior state court attorney never filed a response to a motion for summary judgment filed by HomeStreet Bank in the Alameda Action. Debtor intends to file a motion to vacate the Judgment asking the court in the Alameda Action to use its inherent equitable powers to allow the Debtor to obtain review on the merits. Allowing the Debtor to proceed in state court will necessarily begin resolving some, if not all, of the issues between the Debtor and HomeStreet Bank. Moreover, the outcome of the Debtor's efforts in the Alameda Action are directly related to this bankruptcy and the prospect of a successful reorganization. The Debtor's estate will not incur any additional fees or costs from the Court granting relief because the attorneys' fees for moving to vacate the Judgment are included in the retainer previously paid by a third party to the Debtor's approved special litigation counsel.

This Motion is not intended to terminate the automatic stay with respect to enforcement of the Judgment against the Debtor and his estate, which currently remains in effect. Any act to collect or recover on the Judgment must remain stayed. The Debtor only seeks relief to file his motion to vacate and set aside the Judgment with the Alameda Court to show his prior counsel's misconduct, so that the Alameda Court may use its inherent equitable powers to reinstate that matter to the active docket and allow an opposition to HomeStreet Bank's summary judgment motion to finally be heard on the merits.

The Debtor also requests that the Court waive the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(4) and that the order granting relief become effective immediately. If

the 14-day stay is not lifted, it would delay the Debtor's ability to file his motion to vacate the Judgment, which he intends to do immediately should this Court grant this Motion.

This Motion is supported by the concurrently filed Memorandum of Points and Authorities, Notice, and the Debtor's Declaration, in addition to the pleadings and papers on file in this Chapter 11 case, and any further evidence or arguments presented at the hearing on the Motion.

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

1. Granting the Motion;

2. Waiving the 14-day stay under Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure; and

3. Providing for such other and further relief as the Court deems appropriate and just under the circumstances.

DATED: October 29, 2025                                SULLIVAN PRATT, LLP

                                                       By: /s/ Christopher D. Sullivan
                                                           Christopher Sullivan
                                                           *Attorneys for the Debtor-in-Possession*