CHRISTOPHER D. SULLIVAN (148083)
ROXANNE BAHADURJI (290117)
**SULLIVAN PRATT LLP**
601 Montgomery Street, Suite 525
San Francisco, CA 94111
Phone: (415) 691-4518
Email: csullivan@sullivanblackburn.com
       rbahadurji@sullivanblackburn.com

Attorneys for Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

ALIREZA MOHEB

Debtor and Debtor-in-Possession.

Case No.: 24-bk-40713-CN

Chapter 11

**STATUS CONFERENCE STATEMENT**

Date: November 20, 2025
Time: 11:00 a.m.
Place: Courtroom 215
       1300 Clay Street
       Oakland, CA 94612

Alireza Moheb, Debtor-in-Possession herein ("Debtor") submits this Status Conference Statement:

1. The within case commenced by filing a voluntary chapter 11 petition on May 14, 2024. The Debtor is in possession of the estate.

2. As the Court is aware, the genesis of the Debtor's difficulties is his dispute with HomeStreet Bank ("HomeStreet"), which by now has spanned five years. HomeStreet has filed Proof of Claim No. 12 in the amount of $1,393,966.42 stemming from a judgment entered against the Debtor in Alameda Superior Court because of the Debtor's former state court attorney's admitted failure to oppose a summary judgment motion. Per the Proof of Claim, HomeStreet

-1-

asserts that its claim is secured having recorded an abstract of judgment.

3. It was the Debtor's intent that in filing this bankruptcy the issues with HomeStreet would be handled and put finally to rest. However, that has not been the case due to a period of stagnation arising out of a breakdown in the attorney-client relationship between the Debtor and his former bankruptcy counsel. That period, however, is over.

4. Present bankruptcy counsel Sullivan Pratt LLP's ("SP") application was approved on May 21, 2025. SP moved swiftly to understand the lay of the land and worked towards retaining and obtaining the Court's approval of Bovino & Associates, P.C. ("Bovino Law") to serve as special litigation counsel for the Debtor. As Bovino Law's employment application highlighted, absent correction of the systematic failures that triggered the bankruptcy, namely HomeStreet's pre-petition conduct and the Debtor's former state court attorney's negligence, both of which resulted in the judgment against the Debtor, it will be difficult for the Debtor to propose a confirmable plan. HomeStreet's $1,393,966.42 secured claim looms large over the bankruptcy, and for the Debtor to be able to propose a feasible and confirmable plan, HomeStreet's disputed claim must first be dealt with.

5. Bovino Law's application was approved on August 15, 2025. Bovino Law with the assistance of the Debtor's bankruptcy counsel has worked swiftly to gather the relevant information and to determine the best way to overcome HomeStreet's judgment. In that light, the Court this week approved the Debtor's motion for relief from the automatic stay, allowing the Debtor to pursue his rights under California law to vacate the judgment. The Debtor and his counsel believe that the motion to set aside the judgment is well supported and the law is on his side. He also has meritorious bases for opposing the summary judgment that should have been opposed when it was originally filed but for the Debtor's former counsel abandoning him.

6. The Debtor is prepared immediately to request the Alameda Superior Court vacate the judgment. The papers are prepared and ready to be filed. Setting aside the judgment will wipe the slate clean and move the Debtor a step closer to rectifying the significant damage caused to him because of his former counsel's malpractice.

7. More critically in the context of this bankruptcy, a decision by the Alameda Superior Court to set aside the judgment will go a long way in resolving the issues between the Debtor and HomeStreet and consequently the Debtor's ability to propose a confirmable plan. HomeStreet's secured claim is an impediment to the Debtor's reorganization. If the judgment were vacated, the lien arising out of that judgment would be invalid, and at most any HomeStreet claim will be unsecured. The Debtor will then be able to propose a confirmable plan.

8. The Debtor is current on payments to the secured creditors on his residence and his rental properties.

9. With respect to the pending adversary proceeding filed by the SBA against the Debtor, December 22, 2025 is the discovery cut-off date. A further status conference is set for January 9, 2026.

10. The Debtor is cognizant of the fact that the Court set a November 14, 2025 deadline to file a combined plan and disclosure statement. He is aware of the need to move this case forward, especially the need to file a confirmable plan. Unfortunately, for a significant period during the bankruptcy, no steps were taken to deal with HomeStreet's claim which was and continues to be a roadblock to the Debtor's reorganization. The Debtor has now laid the necessary groundwork.

Dated: November 14, 2025              SULLIVAN PRATT LLP

                                      */s/ Christopher D. Sullivan*
                                      Christopher D. Sullivan
                                      Attorneys for Debtor-in-Possession