CHRISTOPHER D. SULLIVAN (148083)
ROXANNE BAHADURJI (290117)
**SULLIVAN PRATT LLP**
601 Montgomery Street, Suite 525
San Francisco, CA  94111
Phone: (415) 691-4518
Email: csullivan@sullivanblackburn.com
          rbahadurji@sullivanblackburn.com

Attorneys for Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re:

ALIREZA MOHEB

Debtor and Debtor-in-Possession.

Case No.: 24-bk-40713-CN

Chapter 11

**DEBTOR AND DEBTOR-IN-POSSESSIONS':**

    **(1)  LIMITED OPPOSITION TO THE FINAL APPLICATION BY RHM LAW LLP, FORMER GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR, FOR ALLOWANCE OF FEES AND REIMBURSMENT OF COSTS FOR THE PERIOD FEBRUARY 6, 2025 THROUGH MAY 15, 2025; AND**

    **(2)  REQUEST TO DEFER DETERMINATION PENDING RESOLUTION OF MALPRACTICE CLAIM**

Date: January 23, 2026
Time: 11:00 a.m.
Place: Courtroom 215
      1300 Clay Street
      Oakland, CA 94612

-1-

Case: 24-40713    Doc# 168    Filed: 01/09/26    Entered: 01/09/26 16:23:35    Page 1 of 7

## I. INTRODUCTION

Alireza Moheb (the "Debtor") respectfully opposes RHM Law LLP's ("RHM") final fee application ("Fee Application") and the allowance on a final basis of $89,606 in fees on the narrow grounds that the estate holds a potential malpractice claim against RHM. Under controlling Ninth Circuit and bankruptcy precedent, courts have broad discretion to deny or reduce compensation where services were not actual, necessary, or beneficial to the estate, where counsel failed to meet professional standards, or where equitable considerations militate against payment. By way of this opposition, the Debtor is not requesting the Court to deny the Fee Application (just yet) but to defer adjudication pending resolution of the malpractice claim.

## II. ARGUMENT

A. <u>Potential Malpractice Claim</u>.

On December 22, 2022, the Alameda County Superior Court entered summary judgment in excess of $3 million against the Debtor and his affiliated entities. The judgment was entered without opposition and without supporting defense evidence. (*See* Declaration of David A. Bovino In Support of Motion to Vacate Judgment ("Bovino Decl."), Ex. B ¶ 7, Dkt. 165-2.)

The dispositive motion was never opposed. Counsel of record at the time, Richard Antognini, conducted no discovery, failed to produce his client for deposition, and failed to notify the court or his client that the Debtor was incarcerated and unable to participate in his own defense. (*See* Bovino Decl. at ¶ 8.) The Court accepted Plaintiff's Separate Statement of Undisputed Facts in full. Following entry of judgment, Mr. Antognini filed a Notice of Appeal, but failed to designate the record, file an opening brief, or prosecute the appeal. (*See* Bovino Decl. at ¶ 8.) The Court of Appeal ultimately dismissed the matter for failure to proceed, and the Debtor was never informed until he discovered the judgment lien through a title search in 2023. (*See* Declaration of Alireza Moheb In Support of Motion to Vacate Judgment, Exh. C ¶ 22, Dkt. 165-3.)

The estate has now moved to vacate the judgment on the basis of attorney abandonment rising to the level of positive misconduct, supported by declaration testimony and documentary

-2-

exhibits. (*See* Declaration of David Bovino In Support of Status Conference Statement, ¶ 3, Dkt. 165.)

RHM's representation was not independent of Mr. Antognini. RHM was retained on referral from Mr. Antognini, following the same period in which Mr. Antognini allowed a judgment to be entered without opposition or notice to the client. As of this filing, the estate is unaware of any steps taken by RHM to investigate the circumstances of that judgment, disclose the basis of the referral, or evaluate whether the failure to oppose summary judgment implicated malpractice exposure or conflicted-out its own representation. That omission raises fiduciary concerns, both under Bankruptcy Code § 327(a) (requiring disinterestedness and no adverse interest) and § 330(a) (governing fee awards based on the reasonableness and necessity of the services provided). Where an estate professional's engagement is tainted by an undisclosed or conflicted referral source, final fee approval risks premature adjudication or waiver of colorable malpractice claims — particularly where those claims implicate the same events and actors.

This is not a matter of speculation. It is a matter of record: the judgment that RHM inherited was not merely unfavorable — it was procedurally defective, factually untested, and the direct result of abandonment by the referring attorney. Whether through litigation or informal resolution, the estate has a duty to explore all avenues for recouping value lost due to that abandonment. Notwithstanding the size of the judgment as well, RHM took no steps to challenge that judgment.

B. <u>The Court Should Defer Determination of the Final Fee Application</u>.

This request for deferral is made narrowly. The Debtor urges the Court to reserve ruling on the Fee Application until the malpractice claim can be further explored — or, if necessary, adjudicated. The Debtor respectfully submits that final adjudication of the Fee Application should be deferred until the factual and legal viability of the malpractice claim have been developed. That development is already underway: the Motion to Vacate is pending, the relevant declarations are on file, and this Court has already granted stay relief for the specific purpose of pursuing that remedy.

-3-

RHM seeks allowance of fees on a final basis pursuant to 11 U.S.C. § 330. Under § 330, a bankruptcy court is authorized to award "reasonable compensation for actual, necessary services rendered by … an attorney[.]" 11 U.S.C. § 330(a)(1). "In determining the award of compensation, the court considers the **nature, the extent, and the value** of the professional's services[.]" *In re Auto Parts Club, Inc.*, 211 B.R. 29, 33 (9th Cir. BAP 1997) (emphasis added). In making that evaluation, a court considers "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case ... [and] whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed...." *Id.*, quoting 11 U.S.C. § 330(a)(3); *In re Mednet*, 251 B.R. 103, 108 (9th Cir. BAP 2000) (the court's examination should include the question – were the services necessary or beneficial to the administration of the estate at the time they were rendered).

Bankruptcy courts have a duty to review fee applications independent of any objections. *In re Auto Parts Club, Inc.*, 211 B.R. at 33; *In re King*, 546 B.R. 682, 701 (S.D. Tex. 2016) ("even if no objection had been lodged, this Court has an independent duty to examine all fee requests made by counsel"). The "Bankruptcy Code and cases interpreting § 330 make clear that the trial court has an independent obligation…to review, critique, and reduce the fees requested if necessary, using the given standards." *In re Figueroa*, BAP No. 17-bk-08550-SHG, 2023 WL 8780705, *6 (9th Cir. BAP Dec. 19, 2023). A court has the power and broad discretion to reduce fees. *See* 11 U.S.C. § 330(a)(4)(A) (a court must not allow compensation for services that were not "reasonably likely to benefit the debtor's estate; or …necessary to the administration of the case); 11 U.S.C. § 330 (a)(2) (the court may, on its own motion or on the motion of any party in interest, award compensation that is less than the amount of compensation that is requested).

A court may also completely deny or disgorge fees where it finds attorney misconduct. *See, e.g., In re Park–Helena Corp.,* 63 F.3d 877, 882 (9th Cir.1995) (denial of all fees as sanction for attorney nondisclosure was not an abuse of discretion); *In re Parklex Assocs., Inc.,* 435 B.R. 195, 209–10 (Bankr.S.D.N.Y.2010) (compensation may be denied when attorney misrepresents

Case: 24-40713    Doc# 168    Filed: 01/09/26    Entered: 01/09/26 16:23:35    Page 4 of 7

facts, citing 3 *Collier on Bankruptcy* ¶ 329.04[1][b]). Moreover,

> [I]n making its review of the proposed award, it is the office of the court initially to determine whether there is some disqualification or misconduct of counsel which would bar the award of any and all fees…[T]he authorities are…agreed that misconduct of counsel constitutes a sufficient reason for denying any and all attorney's fees to applicant counsel. Improper conduct on the part of officers or attorneys has frequently been penalized by withholding compensation or reimbursement or both. Not only the statute and the Rules provide for this type of penalty, but courts have repeatedly used it as the most effective weapon against **malpractice**, ..."

*Matter of Davidson*, 79 B.R. 859, 861-62 (Bankr. W. D. Missouri 1987), citing 3A Collier on Bankruptcy ¶ 62.05, p. 1431 (14th ed. 1975) (emphasis added).

The presence of a potential malpractice claim against RHM provides a legally sufficient basis to defer the final fee determination pending resolution of the malpractice claim. To grant RHM the requested fees before the malpractice claim is explored and developed further significantly prejudices the estate. This is because approving the fees requested on a final basis, may bar the Debtor from bringing any later malpractice litigation under principles of *res judicata*. *See, e.g. Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003); *In re Iannochino*, 242 F.3d 36, 49 (1st Cir.2001); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 388 (5th Cir. 2000). In *Grausz*, *Iannochino*, and *Interlogic Trace*, all three circuit courts barred post-petition malpractice claims from being brought against professionals after the bankruptcy courts had approved final fee applications. *Grausz*, 321 F.3d at 475; *Iannochino,* 242 F.3d at 49; *Intelogic Trace, Inc.*, 200 F.3d at 387. The circuit court explained in *Interlogic Trace, Inc.*, "by granting Ernst & Young's fee application, the bankruptcy court implied a finding of quality and value in Ernst & Young's services. Similarly, the Trustee's claims in the present suit arise from Ernst & Young's alleged omissions in rendering the very same services considered by the bankruptcy court in the final fee application hearing." *Intelogic Trace, Inc.*, 200 F.3d at 387. In *Grausz*, the circuit court stated that both the malpractice action and the fee application proceeding "relate to the nature and quality of legal services the [law firm] provided to [the debtor] in connection with the bankruptcy proceeding." *Grausz*, 321 F.3d at 474. Thus, because there was identity of claims between the fee

Case: 24-40713   Doc# 168   Filed: 01/09/26   Entered: 01/09/26 16:23:35   Page 5 of 7

application and the malpractice suit, both circuit courts held that the fee application awards were entitled to *res judicata* effect. *See Intelogic Trace, Inc.*, 200 F.3d at 387; *Grausz*, 321 F.3d at 474.

If the Court were to grant the Fee Application, it would be necessarily finding under 11 U.S.C. § 330 that the "nature, the extent, and the value of" RHM's services justify the fees requested. "Award of the professionals' fees and enforcement of the appropriate standards of conduct are inseparably related functions of the bankruptcy courts." *Akhlaghpour v. Orantes*, 86 Cal. App. 5th 232, 252 (2022), quoting *In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir. 1999). The Court should defer deciding on the quality, reasonableness, and standard of care of the legal services provided by RHM due to the malpractice claim. *See In re Morry Waksberg M.D., Inc.*, 692 Fed. Appx. 840, 842 (9th Cir. June 6, 2017) (in determining law firm's fees, the court references the work actually and reasonably performed, the value of that work to the estate, and the performance of the firm's attorneys, among other factors.).

Bankruptcy Courts possess broad discretion to oversee the fee application process under §§ 105 and 330, including deferring fee determinations where related liability issues may not only bar compensation but may result in recovery for the estate. Deferral promotes fairness because evaluating the malpractice action will develop an evidentiary record on the nature and quality of the work performed, and the value of the work to the estate.

RHM will not be prejudiced by deferral. Equities favor the estate. Any delay in adjudication is outweighed by the need to safeguard the estate's assets and to ensure accurate and thorough fee determinations. Deferring the Fee Application is the most appropriate and just course of action.

///

///

///

///

///

-6-

### III. CONCLUSION

The Court should defer ruling on the Fee Application pending resolution of the malpractice claim to ensure fairness and protect the estate.

Dated: January 9, 2026

SULLIVAN PRATT LLP

*/s/ Christopher D. Sullivan*
Christopher D. Sullivan
Attorneys for Debtor-in-Possession

-7-