Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-840-4199
Email: cmaher@rinconlawllp.com

Counsel for Janina M. Hoskins,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>ALIREZA MOHEB,<br><br>Debtor. | Case No. 24-40713 CMP<br>Chapter 7<br>Hon. Cara Masako Porter<br><br>[No Hearing Required Unless Requested] |

**MOTION TO SELL REAL PROPERTY AND PERSONAL PROPERTY, SUBJECT TO OVERBID, AND PAY REAL ESTATE COMMISSION**
**(7157 East Rancho Vista Drive, Unit 1004, Scottsdale, Arizona)**

Janina M. Hoskins, Chapter 7 Trustee of the estate of the above Debtor, files this motion for an order authorizing her to enter into a contract with Gina Chau Hoang to sell to Ms. Hoang or her designee (the "Buyer") the real property commonly known as 7157 East Rancho Vista Drive, Unit 1004, Scottsdale, Arizona and its personal property contents remaining at close of escrow (the "Condominium") for $545,000, and to pay a real estate commission described below. The Condominium has been held by the Debtor for rental as a furnished unit.

The Buyer has made a $15,000 earnest money deposit as part of a $163,500 down payment, with the balance of the purchase price financed. The Buyer has removed her inspection contingencies. The deadline for the Buyer to remove appraisal and financing contingencies is November 30, 2026.

/ / /

The Condominium and its personal property contents are being sold in their "as-is" condition, without representation or warranty of any kind. The Condominium is subject to a first priority deed of trust securing a debt in the present estimated amount of $323,000. The amount due to the beneficiary of the deed of trust will be paid in full from escrow. The Condominium is also encumbered by an involuntary lien recorded in 2023 to secure a judgment in the original principal amount of $3,500 and interest accruals.

The Trustee intends to pay a real estate commission of five percent of the gross sale price to be paid from the sale proceeds. The Buyer is represented by a broker who will be entitled to one-half of the commission. The other one-half of the commission will be paid to the Trustee's brokers, ROI Properties and Nathan Genovese, with each to receive 1.25 percent.

The sale is subject to overbid. The Trustee is giving the Buyer overbid protection of $10,000, which makes the minimum overbid $555,000. Overbidders must be prepared to close escrow no later than December 30, 2026. As stated below, overbids should be submitted without contingencies. Anyone who wishes to submit an overbid should contact the Trustee's local broker, Beth Jo Zeitzer of ROI Properties (bjz@roiproperties.com; 602-319-1326) to arrange for inspections. The Trustee strongly encourages interested buyers to arrange for and complete inspections as soon as possible and before submitting an overbid because an overbid with inspection contingencies will not be considered to be a qualifying overbid. Appraisal and financing contingencies are discouraged: the Trustee retains sole and absolute discretion to determine whether an overbid submitted with appraisal or loan contingencies is a qualifying overbid. Therefore, potential overbidders are strongly encouraged to submit overbids with no contingencies of any kind.

A qualifying overbid must be presented in writing, must be in the minimum amount of $555,000, must contain no inspection contingencies (and are discouraged from containing appraisal, financing, or other contingencies), must be supported by evidence of financial ability to close escrow, and must be accompanied by a cashier's check deposit in the amount of $15,000 payable to "Bankruptcy Estate of Alireza Moheb."

Qualifying overbids (with a cashier's check deposit) must be submitted for receipt by the Trustee's counsel at the address below no later than 5:00 p.m. on December 9, 2026. A copy of the

overbid should be sent to the Trustee's broker, Beth Jo Zeitzer (bjz@roiproperties.com; 601-319-1326).

If a qualifying overbid is received, the Trustee will schedule an auction to which the Buyer and any overbidder will be invited. The auction will be conducted by video or telephone and will be scheduled promptly after the December 9, 2026, deadline for submission of overbids. The Trustee will make every effort to accommodate the schedules of the Buyer and overbidders.

Buyers should be prepared to bid in increments of no less than $1,000. The Trustee will announce additional auction terms, if any, at the auction. The Trustee will conduct the auction and will select the highest and best bid determined in the exercise of her sole discretion and business judgment. She will present the highest and best bid to the Bankruptcy Court for approval and will return the deposits of unsuccessful bidders promptly. The deposit of the successful bidder will be retained and applied to the purchase price and will become non-refundable upon entry of an order of the Bankruptcy Court authorizing the Trustee to complete the sale, provided that no legal impediment prevents the Trustee from conveying title. If no overbid is received, the Trustee will present the offer of the Buyer described above for approval by the Bankruptcy Court.

The Trustee is requesting a waiver of the 14-day stay of the effectiveness of an order imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

The Court may authorize the Trustee to sell property of the estate on adequate notice under 11 U.S.C. § 363(b). The proper standard for a court to use when considering a proposed motion to sell assets is the business judgment test. *Equity Sec. Holders v. Lionel Corp. (In re Lionel)*, 722 F. 2d 1063 (2nd Cir. 1983). It is this standard that has been adopted by the vast majority of Courts. *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002).

> Under this standard, the Trustee has the burden to establish sound business reasons for the terms of a proposed sale. Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arms-length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the

> Court, so long as the burden of giving sound business reasons is met. *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (noting discretion accorded to trustee with regard to sale of assets).

285 B.R. at 514.

The transaction must make good business sense and the creditors as a whole should benefit. *In re UAL Corp.*, 443 F. 3d 565, 571 (7th Cir. 2006).

> The "business judgment" test, as it is sometimes called, differs from the business judgment rule under corporate law. *3 Collier in Bankruptcy* ¶ 363.02[4] at 363-18 (*Alan and Resnick and Henry J. Sommer*, eds., 16th ed. 2012). The bankruptcy court reviews the trustee's business judgment "to determine independently whether the judgment is a reasonable one." *Id.* At the same time, the court "should not substitute its judgment for the trustee's." *Id.* A trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to "great judicial deference" as long as a sound business reason is given. *In re State Park Bldg. Grp. Ltd.*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Murphy*, 28 B.R. 1, 5 (Bankr. D. Me. 2002); In re *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 516 (Bankr. N.D. Ala. 2002).

*In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

In analyzing the proposed sale, the Court must consider whether the sale is in the best interests of the estate, based on the facts and history of the case. *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983)). The courts examined the "business justification" for the proposed sale. *In re Wilde Horses Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991) (citing *In re Lionel Corp.*, 722 F. 2d 1063, 1071 (2nd Cir. 1983)). The Trustee has broad power under Section 363 to sell property of the estate and the manner of sale is within the discretion of the trustee. *In re The Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

WHEREFORE, the Trustee requests an order authorizing the relief described above.

DATED: November 18, 2026 RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Janina M. Hoskins,
Chapter 7 Trustee